IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DARREN M. BLUMENBERG,                                   PLAINTIFF,

VS.                                    CIVIL ACTION NO. 4:04CV304-P-B

CHASE MORTGAGE COMPANY A/K/A
CHASE MANHATTAN MORTGAGE COMPANY,            DEFENDANT.

**FINAL JUDGMENT**

This matter comes before the court upon Defendant's Motion for Summary Judgment [18-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Having reviewed the complaint, the defendant's answer thereto, and the record as a whole while viewing the facts in a light most favorable to the plaintiff, it is readily apparent that the plaintiff has not and cannot produce evidence creating a genuine issue of material fact warranting a trial in this matter.

It is undisputed that the subject Note, executed on May 11, 1995, contained the provision in the first paragraph stating: "I understand that the Lender may transfer this Note." Although the plaintiff originally entered into a mortgage agreement and deed of trust with Magnolia Federal Bank for Savings on May 11, 1995, it is undisputed that the note and the deed of trust were assigned to Chase Mortgage Company of Ohio on May 1, 2001 by Union Planters Bank, which was the successor by acquisition to Magnolia.

The plaintiff points to a letter dated June 25, 2004 from Chase in response to the plaintiff's request for a copy of the Note. In that letter, Chase states "Unfortunately, these documents are not available on paper, microfiche, or through our imaging system." The plaintiff argues that just by virtue of this statement, Chase has waived its lien on the subject residence. However, this argument is clearly unavailing given that it is undisputed that the land records in the Washington County courthouse contain recorded copies of the subject note and deed of trust citing Chase as the lien holder.

Furthermore, the plaintiff alleges in his complaint that Chase's lien on the subject residence has been extinguished by an accord and satisfaction agreement because the plaintiff "sent a final payment by check, which was marked as an instrument of accord to satisfy the dispute of the alleged

indebtedness. Defendant negotiated/cashed the check and thereby agreed that any alleged indebtedness owed by Blumenberg to Plaintiff is settled." Not only does Chase deny this assertion in their Answer, but the plaintiff has provided no evidence supporting this claim.

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978). The plaintiff has not met this standard. It is of no consequence in this action that the discovery process was truncated. The record contains all of the undisputed evidence required to render a decision on this matter. With regard to the absence of evidence establishing the alleged accord and satisfaction, discovery from the defendant would be unnecessary since the plaintiff is in the position to provide evidence of a cashed check. Since no such evidence has been provided of the accord and satisfaction, and given the undisputed evidence, summary judgment is mandated by Rule 56.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant's Motion for Summary Judgment [18-1] is **GRANTED**; therefore,

(2) All of the plaintiff's claims against the defendant are **DISMISSED WITH PREJUDICE**; and

(3) This case is **CLOSED**.

**SO ORDERED** this the 12th day of April, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE